IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


STATE AND COUNTY MUTUAL
FIRE INSURANCE COMPANY

        Plaintiff,

v.                                       Civil Action: 3:04-cv-123


WILLIAM PRENTICE YOUNG,

        Defendant.


## MEMORANDUM, OPINION, AND ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S EXPERT VINCENT J. KING, ESQ.

On June 14, 2007 came the above named Plaintiff, by P. Gregory Haddad, in person, and

Kerrie Wagoner Boyle, by telephone, and Defendant, by Jeffrey M. Wakefield, in person, and

Erica M. Baumgras, by telephone, for Plaintiffs' motion to strike Defendant's expert Vincent J.

King, Esq., or in the alternative extend Plaintiff's deadline to disclose a rebuttal expert.

Testimony was not taken, and no other evidence was introduced.

### I. Introduction

A.      <u>Procedural Background</u>

Plaintiff filed its motion on June 4, 2007.  Defendant its response of June 12, 2007.

Plaintiff then filed a reply on June 13, 2007.  This Court held an evidentiary hearing and

argument regarding the motion on June 14, 2007.

B.      <u>The Motion</u>

Plaintiff's motion to strike Defendant's expert Vincent J. King, Esq., or in the alternative

extend Plaintiff's deadline to disclose a rebuttal expert (docket 197)

C.      Decision

 Plaintiff's motion to strike Defendant's expert Vincent J. King, Esq., is GRANTED

because the expert witness disclosure was untimely under the Court's scheduling order.

## II. Facts

This case involves an action for legal malpractice.  Plaintiff is an insurance company that

retained Defendant, an attorney, to represent its insureds in a personal injury action.  Plaintiff

alleges that as a result of Defendant's malpractice, it was forced to settle the personal injury suit

for more than the claim was worth.  Defendant has asserted the affirmative defense of

comparative negligence on the part of Plaintiff.

On March 22, 2007, the district court entered a new scheduling order.  The order

provided that the party having the burden of proof on an issue had to make its expert disclosures

by April 16, 2007.  The party without the burden on an issue had to make its disclosures by May

7, 2007.  Expert evidence intended to rebut other expert evidence was to be disclosed by May 14,

2007.

Defendant filed an expert witness disclosure on May 7, identifying Vincent J. King, Esq.,

as an expert in support of his affirmative defense of comparative negligence.  Plaintiff filed this

motion on June 4, 2007, which proceeded as set forth above.

## III. The Motion

A.      Contentions of the Parties

Plaintiff asks the Court to grant its motion.  Plaintiff contends Defendant's defense of

comparative negligence is impermissible in this legal malpractice suit.  Plaintiff states that

although Defendant argues Plaintiff violated the West Virginia Unfair Trade Practices Act, this

is not a valid defense. Plaintiff also argues Defendant may not contend Plaintiff would not have needed the negligent services of Defendant but for Plaintiff's preliminary negligence. Furthermore, Plaintiff contends the opinions to be offered by Defendant's expert impermissibly intrude upon the province of the Court to interpret the law. In the event the Court disagrees with this reasoning, Plaintiff requests additional time to prepare a rebuttal witness.

Defendant requests that the Court deny the motion. He argues West Virginia law recognizes the defense of comparative negligence. He also points to case law from other jurisdictions that have recognized the comparative negligence defense in legal malpractice cases. Regarding the scope of expert testimony, Defendant contends the testimony the expert will offer is permissible. Finally, Defendant argues Plaintiff should not be granted an extension of time to locate an expert witness.

C.    Discussion

The Court finds it unnecessary to consider the question of whether Defendant may call an expert to assert an affirmative defense of comparative negligence defense because the expert disclosure was untimely under the district court's scheduling order. In West Virginia, a party asserting comparative negligence as an affirmative defense bears the burden of proof. Rowe v. Sisters of Pallotine Missionary Soc'y, 211 W. Va. 16, 23, 560 S.E.2d 491, 498 (2001). The West Virginia Supreme Court of Appeals held this in plain language when it stated that "In any action . . . the defendant carries the initial burden of proving an affirmative defense such as comparative negligence." Id.

The district court's scheduling order controls the progress of the litigation until modified. Fed. R. Civ. P. 16(e). "The district court's decision to honor the terms of its binding scheduling

order does not simply exalt procedural technicalities . . . Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." <u>Johnson v. Mammoth Recreations</u>, 975 F.2d 604, 610 (9th Cir. 1992).

Defendant's expert disclosure of Vincent J. King, Esq., violated the timing of the district court's scheduling order. Under the portion of the scheduling order dealing with expert disclosures, "The party bearing the burden of proof on an issue shall make the disclosures required by Fed. R. Civ. P. 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than **April 16, 2007**." (docket 141) (emphasis in original). Defendant bears the burden of proof on his affirmative defense of comparative negligence. <u>Rowe</u>, 211 W. Va. at 23. Yet he did not make his expert disclosures regarding this defense of until May 7, 2007. This is clearly untimely under the scheduling order. Therefore, Plaintiff's motion is GRANTED.

IV. Decision

Plaintiff's motion to strike Defendant's expert Vincent J. King, Esq., is GRANTED because the expert witness disclosure was untimely under the Court's scheduling order.

Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

Filing of objections does not stay this order. Filing a motion to stay this order does not

stay this order.  In the absence of an order from the district court staying this order, all parties

must comply with this order in a timely fashion as set forth herein.

DATED: July 10, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE
