IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG



U.S. DISTRICT COURT
FILED AT WHEELING, WV
AUG - 2 2007
NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

STATE AND COUNTY MUTUAL FIRE
INSURANCE COMPANY,

    Plaintiff,

v.

    CIVIL ACTION NO. 3:04-CV-123
    (BAILEY)

WILLIAM PRENTICE YOUNG,

    Defendant.

## MEMORANDUM ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER GRANTING MOTION TO STRIKE DEFENDANT'S EXPERT, VINCENT J. KING, ESQUIRE

Pending before this Court is defendant's Objection to Memorandum Opinion and Order Granting Plaintiff's Motion to Strike Vincent J. King, Esq. (Doc. 234).

### I. Statement of Facts and Procedural History

This legal malpractice action arises out of a civil action in this Court styled *Miller v. Pruneda*, 3:02-CV-42, emanating from an automobile accident occurring on July 6, 2000. State and County Mutual Fire Insurance Company (hereinafter "State & County") contacted William Prentice Young (hereinafter "Young") to defend the interests of Eric Pruneda and Carlos DeLuna dba A.B. Farms (hereinafter "the insureds"). After settlement of the underlying personal injury action, State & County filed this action for legal malpractice against defendant Young, claiming that Young's alleged malpractice caused the plaintiff to settle for a higher amount than it otherwise would have paid. In his answer to the complaint (Doc. 5), defendant Young raised as his second affirmative defense that "[a]ny

1

damages sustained by the plaintiff were solely and proximately caused or contributed to by plaintiff's own failure to meet or satisfy its obligations under the West Virginia Unfair Trade Practices Act and attendant regulations promulgated by the West Virginia Insurance Commissioner."

The initial scheduling order entered in this case on June 23, 2005 (Doc. 15), provided for expert disclosures in February and March of 2006. An amended scheduling order was entered on November 22, 2006 (Doc. 57), and provided for expert disclosures in January and February of 2007. Yet another scheduling order was entered by this Court on March 22, 2007. That Order (Doc. 141) provided that the party with the burden of proof on an issue was to disclose expert witnesses by April 16, 2007. The party without the burden of proof on an issue was to disclose its experts by May 7, 2007.

On April 16, 2007, the plaintiff designated attorney Rebecca Betts to testify concerning the defendant's alleged breaches of his duties to his clients and to the insurance carrier. The defendant made no designations by the April 16 "burden of proof" deadline. On May 7, 2007, the defendant designated attorney Richard Douglas to testify concerning the propriety of the defendant's action or inaction in defending the underlying case. On May 7, 2007, the defendant also designated attorney Vincent King to testify concerning insurance company conduct pre-litigation and post-litigation.

On June 4, 2007, the plaintiff filed a motion seeking to either strike Mr. King as an expert witness or to allow additional time for the plaintiff to designate a rebuttal expert (Doc. 197). Pursuant to a prior order of designation, this motion was heard by the Magistrate Judge, who by Order entered July 10, 2007 (Doc. 225), granted the motion to strike Mr. King as an expert witness due to his late designation. On July 16, 2007, the

defendant filed his objections to the ruling (Doc. 234) as well as a motion to expedite a ruling on the objections (Doc. 235).

## II. Discussion

This Court believes that the Magistrate Judge was correct in finding that the designation of Vincent King was not timely filed. The actions of the insurance company, and whether those actions violated the Unfair Trade Practices Act and the Insurance regulations, is an issue which is only relevant to this case by virtue of the affirmative defenses raised by the defendant. Accordingly, the burden of proof on such an issue would lie with the defendant, making such an expert disclosure due on April 16, 2007.

This Court notes that a fourth scheduling order was entered on May 31, 2007 (Doc. 194), setting the trial of this case for October 16, 2007. This case has now been pending for over thirty-one (31) months and has had three extensions of the deadlines set by this Court.

## III. Conclusion

For the reasons stated above, this Court will **AFFIRM** and **ADOPT** the Magistrate Court's decision to strike Vincent King, Esq., as an expert witness in this case. Therefore, the defendant's Objection to Memorandum, Opinion and Order Granting Plaintiff's Motion to Strike Defendant's Expert, Vincent J. King, Esq. (Doc. 234) is **DENIED** and **OVERRULED**. The defendant's Motion for Expedited Ruling on Objection to Memorandum, Opinion and Order Granting Plaintiff's Motion to Strike Defendant's Expert, Vincent J. King, Esq. (Doc. 235) is **DENIED** as moot.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record herein.

**DATED:** August 2, 2007.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE